IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TRAVIS DENORRIS ARNOLD,        )
                               )
        Plaintiff,             )
                               )
    v.                         )    1:15CV498
                               )    1:15CV499
RUSSELL A. ELIASON, et al.,    )
                               )
        Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Travis Denorris Arnold, submitted two *pro se* complaints under 42 U.S.C. § 1983.[1] The Complaints were filed in the Western District of Louisiana and Plaintiff was allowed to proceed *in forma pauperis*, but the matters were subsequently transferred to this Court. Because there appear to be no substantive differences between the Complaints, the Court will address them together. Plaintiff names as Defendants Russell A. Eliason (a former Magistrate Judge with this Court), Thomas D. Schroeder (a current District Judge with this Court), the Federal Bureau of Investigation (case 1:15CV498 only), Paul Weinman (a former Assistant United States Attorney in this District), the United States of America, Mr. Combs (an FBI agent), and a host of other

---

[1] Plaintiff lists the cases as arising under 42 U.S.C. § 1983. However, as will be discussed, the identifiable Defendants are federal, not state, actors. Therefore, the actions really appear to be filed under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In any event, there is no difference in the outcome of the cases whether they arise under § 1983, Bivens, or both.

1

persons not immediately recognized by the Court or identified by Plaintiff. He claims that Defendants Weinman and Combs acted improperly before the grand jury in seeking Plaintiff's indictment for bank robbery in case 1:08CR322-1 in this Court and that the judges acted to improperly convict him while knowing that no criminal complaint ever issued in conjunction with that case. The Court takes judicial notice of its own records, which show that Plaintiff was convicted in that case and is currently serving a sentence of 230 months of imprisonment. Plaintiff seeks injunctive and declaratory relief, as well as $50,000,000 in damages and his release from custody.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" these Complaints. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th

Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity); see also Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaints should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they are frivolous, because they fail to state a claim on which relief may be granted, and because they seek monetary damages from a defendant with immunity from such relief.

As an initial matter, the Court notes that Plaintiff is attempting to undermine his conviction for bank robbery. Plaintiff is not permitted to do this without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff fails to do so and, in fact, his conviction is still in place despite multiple attempts on his part to challenge it on direct appeal, by filing under 28 U.S.C. § 2255, and by filing under 28 U.S.C. § 2241. He may not use the present actions to challenge it further. Dismissal is proper for this reason alone.

Further, the application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). The statute of limitations in this case is three years. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999) (stating that the personal injury statute of the state where the alleged violation occurred is the appropriate statute of limitations in a Bivens action); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Here, Plaintiff challenges events related to his indictment and prosecution in this Court during 2008 and 2009. His primary allegation is that no criminal complaint was ever issued in his case. He would have, or at least through a reasonable inquiry could have, been aware of this fact at the time of his arrest in 2008. Therefore, any challenge based on the lack of a criminal complaint is years out of time.

Plaintiff's contentions regarding the lack of a criminal complaint in his prior prosecution are also utterly without merit because Plaintiff was indicted by a grand jury.

5

Although criminal cases in federal court can be started, and arrest warrants issued, using a complaint under Federal Rules of Criminal Procedure 3 and 4, a criminal case and arrest can alternatively be initiated using an indictment by the grand jury under Federal Rules of Criminal Procedure 6, 7, and 9. The indictment procedure, rather than the issuance of a complaint, was employed in Plaintiff's case. In no way did this violate his rights and any claim otherwise is frivolous.

Finally, Plaintiff names judges, a prosecutor, and a government agent who appeared as a grand jury witness as Defendants. Judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Official witnesses appearing before grand juries are also absolutely immune from damages liability stemming from their testimony. Lyles v. Sparks, 79 F.3d 372 (4th Cir. 1996). Plaintiff's complaints for damages against any immune defendants should be dismissed for this additional reason.

In addition to the Complaints, Plaintiff also filed Motions [Doc. #2] seeking discovery. For the reasons set out above and in light of the recommendation of dismissal, no discovery is appropriate. Therefore, the Motions will be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motions [Doc. #2] seeking discovery are DENIED.

IT IS RECOMMENDED that these actions be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious and for failing to state a claim upon which relief

6

may be granted, as well as for seeking monetary relief against defendants who are immune from such relief.

This, the 15th day of September, 2015.

                                                  /s/ Joi Elizabeth Peake
                                                  United States Magistrate Judge